**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHELLY M. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-749-SDD-SDJ** |
| **U.S. POSTAL SERVICE** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 17, 2025.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SHELLY M. JOHNSON**                                                          **CIVIL ACTION**

**VERSUS**                                                                     **NO. 23-749-SDD-SDJ**

**U.S. POSTAL SERVICE**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court as a result of Plaintiff Shelly Johnson's failure to timely serve Defendant the U.S. Postal Service. Because Plaintiff has consistently failed to serve Defendant, it is recommended that this case be dismissed.

**I.     BACKGROUND**

Plaintiff Shelly Johnson instituted this action on August 16, 2023, against the U.S. Postal Service, alleging that Defendant is "doing illegal things to [her] home and car."[1] Per Plaintiff, Defendant is, *inter alia*, turning off her radios, putting apps on her television, and making her monthly utility bills go up each month as a result of the heat from the sun shining on her roof.[2] On September 20, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*, at which time the Court specifically informed Plaintiff that she "is responsible for submitting the summons and address for the defendant(s)" and that Plaintiff "is responsible for service of summons and complaint on the defendant(s)."[3]

Approximately one year later, on September 18, 2024, after Defendant failed to make an appearance in this case and Plaintiff failed to file proof of service into the record, the Court issued a Show Cause Order based on Plaintiff's failure to serve Defendant.[4] In the Order, the Court

---

[1] R. Doc. 1 at 3.
[2] *Id.* at 4.
[3] R. Doc. 5 at 1.
[4] R. Doc. 7.

instructed Plaintiff to respond in writing within 21 days of the Order, explaining "why her claims asserted against U.S. Postal Service [] should not be dismissed because of her failure to serve" Defendant within the time allowed by Federal Rule of Civil Procedure 4(m).[5]  To date, no response from Plaintiff has been received, no proof of service has been filed in the record, and there has been no activity by Plaintiff in the case since September 5, 2023.

## II.    LAW & ANALYSIS

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed.  Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution … [w]here no service of process has been made within 90 days after filing of the complaint."  This case has been pending for almost two years, and, to the Court's knowledge, summons has not been issued, and service has not been effected.  Plaintiff was even given an additional opportunity to serve Defendant, well beyond the 90-day limit set forth in Rule 41.  Plaintiff also was explicitly told that failure to adhere to the extended deadline could result in a recommendation of dismissal.  Yet, to date, Plaintiff has failed to properly serve Defendant.

To avoid dismissal, Plaintiff must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.  *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  A determination whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).  At a minimum, in order to show

---

[5] *Id.*

good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* Because Plaintiff has wholly failed to respond to the Court's September 18, 2024, Show Cause Order, explaining why she has not yet served Defendant, she has not demonstrated good cause.

However, even if Plaintiff lacks good cause, the Court may extend the time for service. *Thompson*, 91 F.3d at 21. Such an extension may be warranted "if the applicable statute of limitations would bar the refiled action." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Here, while Plaintiff does not provide dates of the alleged actions by Defendant, they purportedly occurred prior to Plaintiff filing her Complaint in August 2023. As such, dismissal of this Complaint without prejudice may have the effect of a dismissal with prejudice, given that the events giving rise to the Complaint likely occurred approximately two years ago. Accordingly, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 326 (internal quotation marks and citations omitted). Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* Here, the delay is solely caused by Plaintiff; she is proceeding *pro se* in this action. In addition, despite explicit notice from the Court, Plaintiff has wholly failed to even attempt to serve Defendant, as no summons has been requested. Further, the Court already has granted Plaintiff

additional time to serve Defendant, during which time Plaintiff took no action. Plaintiff's continued inaction in this case supports dismissal, even if refiling may be time-barred.

### III.   RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service upon Defendant the U.S. Postal Service.

Signed in Baton Rouge, Louisiana, on July 17, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**